Brinkerhoee, C. J.
The first assignment of error is, that the indictment is defective in this : “ That it doos not appear that the affidavit made before justice Adair, was made or intended to be made the basis of a criminal prosecution.”
The indictment is framed under the 9th section of the act of March 7, 1835, “ providing for the puuishment of crimes,” which provides “ that if any person, on his or her oath or affirmation, in any action, plea, suit, petition, answer, complaint, etc., depending, or which may depend in any of the courts in this state, etc., or be-any justice of the peace, etc., shall willfully and corruptly depose, affirm, or declare, any matter, to he fact, knowing the same to be false, etc., every person so offending shall be deemed guilty of perjury,” etc.
Now the indictment does distinctly charge that the *oath was made to subject Lee Dunning to the pains and penalties of forgery, “ and in a certain information, complaint, and affidavit then and there by the said Stadden Crusen made and to depend before the said Alexander Adair.”
We think the indictment sufficient, and substantially in accordance with approyed precedents. Wharton’s Precedents of Indictments, 587; Warren’s Ohio Criminal Law, 296.
2. By the second assignment of error, it is alleged that the court below, in its charge to the jury, erred in stating the “rule a¡3 to the requisite amount of corroborative evidence in addition to one witness swearing directly to the corpus delicti.”
On this point the court below charged the jury, that “ the corroborative evidence need not be of sufficient force to equal the positive testimony of another witness, or such as would require the jury to convict in a case in which a single witness is sufficient, but that it must be such as gives a clear preponderance to the evidence in favor of the state,” and, in view of this rule, establishing the perjury beyond a reasonable doubt. This charge of the court below is sustained by the weight of modern authorities, and is, we think, substantially correct. 1 Greenleaf on Ev., sec. 257, and cases there cited.
3. The third assignment of error is, that the court assumed as a fact, that the testimony of Lee Dunning on the one side, aud the *217 oath of the prisoner on the other, would, if the jury regarded Lee Dunning as a credible witness, leave the evidence equally balanced.
There was no assumption in the- matter. It is shown by the record that Lee Dunning had testified that the note which the prisoner had sworn was a forgery, was signed by the latter with his own hand. The court was not assuming, but stating a fact which was in evidence.
4. The fourth assignment of error is to the same effect as the preceding, and need not be further noticed.
*5. The fifth assignment of error is, that the court “erred in permitting the verdict to be received under the circumstances set out in the bill of exceptions.”
This is the only point in reference to which we have at any time entertained any doubt, and that in consideration of which the writ of error in this case was allowed.
It is the undoubted constitutional right of a party accused to be present with his counsel at every stage of his trial. But the right to the presence of counsel is in the nature of a personal privilege. It may be waived. It is no .part of the business of courts to compel the attendance, or to enforce the vigilance of counsel. It is their right to attend at the trial; and this right is to be in no way obstructed df denied; nor are they to be surprised by any unreasonable or improper action of the court. But the convenience of counsel can not be allowed to obstruct the reasonable dispatch of business. The court can not reasonably be expected to issue process to compel their attendance, or to employ express messengers to run them down. If it can, how far must such messenger be sent ? Where is the limit? Certainly there must be some limit to the privileges of counsel. It is their duty, when they have cases ponding, to be in attendance at the regular sessions of the court; and if a public announcement is made in ojien court, that upon the ringing of the bell, during a temporary recess, the court will convene to receive a verdict, and a reasonable time is given for counsel to attend after such signal, the party has no cause to complain of the court. Here the announcement was audibly made in ojien court, during the regular session of the court, in the hearing of the accused and his counsel, that if the jury should agree upon a verdict during the recess about to be taken for dinner, the court-house bell would be rung, and upon that signal, which is the usual one in such cases in country villages, the court would convene and receive *218 the verdict.’ And we are of opinion that this was doing all that could reasonably he asked of the court. We can see no *circumstanee in the case indicating a disposition on the part of the court to treat the prisoner unfairly, or to deny him any of his rights. If the accused had been in actual custody, instead of being at large on bail; or had the verdict been received in the night season, the case would have been different, and different circumstances might have demanded more consideration for the convenience of counsel. Rut in cases of this kind, no rule can be prescribed for all cases, and each must stand u|>on its own circumstances.
As for the sixth assignment of errors, we see nothing in the record to sustain it; and the remaining assignments of error are all general. As to them we can only say, we see no error in the record and proceedings of the court below, and the judgment is therefore affirmed.
Scott, Peck, and G-holson, JJ., concurred.